UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERWIN GOLDSON,

                              Plaintiff,

                    -against-                              23-CV-9889 (LTS)

DEPARTMET OF CORRECTIONS, NYC;                            ORDER TO AMEND
THE CITY OF NEW YORK; WARDEN,
EMTC,

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently is detained at the Eric M. Taylor Center ("EMTC") on Rikers

Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that the Defendants violated

his federal constitutional rights. Named as Defendants are New York City Department of

Correction ("DOC"), the City of New York, and the Warden of EMTC. By order dated

November 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff

leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this civil rights action against the New York City Department of Correction ("DOC"), the City of New York, and the Warden of EMTC. Plaintiff alleges that, on July 25, 2023, correction officers at EMTC "visually raped and illegally strip searched [him]

while using racial slurs and [illegible] comments." (ECF 1, at 5.) He asserts claims under the

Fourth Amendment as well as claims arising from "confiscated legal mail" and "unsanitary

living conditions" (*id.* at 3), and violations of his rights to a "speedy trial" and "freedom of

speech" (*id.* at 4).

Plaintiff seeks $126,000 in damages.

## DISCUSSION

Plaintiff's claims for violations of his federal constitutional rights arise under 42 U.S.C.

§ 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988).

### A.    DOC and the City of New York

Plaintiff's claims against the DOC must be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency.").  Such claims must instead be brought against the City of New

York.

In light of Plaintiff's *pro se* status, the Court construes his allegations against DOC as

claims against the City of New York, which he also names as a defendant. When a plaintiff sues a

municipality under Section 1983, however, it is not enough for the plaintiff to allege that one of

the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show

that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff does not allege any facts suggesting that the City of New York has a policy, practice, or custom that violated his constitutional rights. He instead alleges a single incident in which correctional officers "visually raped" and strip searched him. (ECF 1, at 5.) Plaintiff therefore fails to state a Section 1983 claim against the City of New York.

**B.     The Warden of EMTC**

To state a claim under Section 1983 against an individual defendant, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official

4

liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the Warden of EMTC was personally involved in the events underlying his claims. Plaintiff's claims against the Warden of EMTC are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Strip Search Claims**

Plaintiff's claim that he was illegally strip searched arises under the Fourth Amendment. The protections of the Fourth Amendment "extend to prisoners and pretrial detainees." *Holland v. City of New York*, 197 F. Supp.3d 529, 542 (S.D.N.Y. June 24, 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)). "Regardless of who performs the search, a visual body cavity search . . . is invasive: 'A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of that person's body, is a serious invasion of privacy.'" *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016) (quoting *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 344-355 (2012) (Breyer, J., dissenting)).

The Supreme Court has upheld jail policies that require "*all* arriving detainees to undergo a visual body cavity search before entering the jail's general population, 'regardless of the circumstances of the arrest, the suspected offense, or the detainee's behavior, demeanor, or criminal history.'" *Murphy v. Hughson*, 82 F.4th 177, 184 (2d Cir. 2023) (emphasis in original) (quoting *Florence*, 566 U.S. at 324-25)). Under *Florence*, "a blanket policy of conducting visual body cavity searches on new inmates [is] constitutional, even for misdemeanor arrestees where there is no reason to suspect the arrestee would have contraband." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 160 (2d Cir. 2013). Furthermore, correction officials can conduct

"random searches" of prisoners without having "reason to suspect a particular individual of concealing a prohibited item," *Florence*, 566 U.S. at 328, but such searches must be conducted pursuant to a jail or prison policy and must be reasonably related to a "legitimate penological justification," *Murphy*, 82 F.4th at 186.[2]

Searches that involve intentional humiliation, abuse, or invasive touching may violate the Fourth Amendment. *Florence*, 566 U.S. at 339; *see also George v. City of New York*, Nos. 12-CV-6365, 13-CV-3511, 13-CV-3514 (PKC) (JLC), 2013 WL 5943206, at *7-8 (S.D.N.Y. Nov. 6, 2013) (where prisoners alleged that strip searches were performed to humiliate and to "make a spectacle" of them, they adequately pled a Fourth Amendment claim) (internal quotation mark omitted).

Here, Plaintiff does not allege sufficient facts to state viable claim for an unconstitutional strip search. He does not allege any facts regarding the context of the search. For example, he does not allege why he was searched, how the search was conducted (for example, was it a strip search, a visual body cavity search, or was there touching involved?), or any facts suggesting that the search was performed to intentionally humiliate or abuse him. Nor does he allege or name as

---

[2] In *Murphy*, the Second Circuit addressed the relationship between the Supreme Court's holding in *Florence* and the Second Circuit's pre-existing case law on the constitutionality of strip searches. Prior to *Florence*, the Second Circuit had held generally that misdemeanor arrestees could not be strip searched by jail officials without reasonable suspicion. *See, e.g.*, *Shain v. Ellison*, 273 F.3d 56, 59, 62-66 (2d Cir. 2001); *Weber v. Dell*, 804 F.2d 796 (2d Cir. 1986). In *Florence*, however, the Supreme Court upheld a policy that required all arriving detainees to undergo a visual body-cavity search before entering the jail's general population, "regardless of the circumstances of the arrest, the suspected offense, or the detainee's behavior, demeanor, or criminal history." 566 U.S. at 324-25. In *Murphy*, the Second Circuit clarified that Florence did not hold that the actions of individual officers, ungrounded in legitimate penological purposes and in the absence of a jail's policy, are exempt from the Fourth Amendment's reasonableness requirement. *Murphy*, 82 F.4th at 186. The Second Circuit therefore held that, under such circumstances, its pre-*Florence* case law continues to apply: a strip search of a misdemeanor arrestee entering a jail, not conducted pursuant to a jail policy and without reasonable suspicion, violates the Fourth Amendment. *Id.*

a defendant the individual correction official who conducted the search. The Court grants Plaintiff leave to amend his complaint to allege additional facts regarding his claims of being illegally strip searched.

**D.    Other constitutional claims**

Plaintiff also asserts that he is bringing constitutional claims arising from "confiscated legal mail" and "unsanitary living conditions," (ECF 1, at 3), and he claims that Defendants violated his right to "freedom of speech" and to a "speedy trial" (*id.* at 4). Plaintiff alleges no facts in support of any of these claims. The Court grants Plaintiff leave to amend his complaint to allege facts in support of these other constitutional claims.

**E.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid constitutional claims under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-9889 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

9

comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction of any state law claims he may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ (    )

**I.**      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's       Name_____
                    ID#_____
                    Current Institution_____
                    Address_____
                    _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                        Where Currently Employed _____
                        Address _____
                        _____

*Rev. 01/2010*                                        1

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____

| Who else saw what happened? |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?
_____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.   Which claim(s) in this complaint did you grieve?
_____

2.   What was the result, if any?
_____

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*

_____
_____
_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____    No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                         Signature of Plaintiff   _____

                         Inmate Number       _____

                         Institution Address   _____

                                                 _____

                                             _____

                                             _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                         Signature of Plaintiff:   _____